91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry G. GARCIA, Defendant-Appellant.
 No. 95-36234.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Henry G. Garcia appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for possessing with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1). Garcia contends that: (1) his conviction violated the Double Jeopardy Clause of the Fifth Amendment and (2) his trial counsel was ineffective for failing to challenge the indictment. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and we affirm.[1]
 
 
 3
 Garcia contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because civil forfeiture proceedings were instituted against his property prior to the commencement of his criminal trial. Garcia's claim is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, No. 95-345, 1996 WL 340815, at * 16 (U.S., Jun. 24, 1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).
 
 
 4
 Garcia contends that his trial counsel was ineffective for failing to challenge the indictment on the grounds that a portion of the alleged time frame fell outside the statute of limitations. We disagree.
 
 
 5
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). 18 U.S.C. § 3282 provides that an indictment must be handed down within five years after the commission of a noncapital offense. See 18 U.S.C. § 3282 (1994).
 
 
 6
 Here, the trial court made specific factual findings that Garcia had sold cocaine and narcotics on dates that were well within the limitations period. Accordingly, because the court expressly found that Garcia committed the charged offenses within five years of the indictment, he cannot show that any prejudice resulted from counsel's failure to challenge the indictment. See Strickland, 466 U.S. at 687.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Garcia's request for oral argument is denied. Garcia's motion to extend the time for filing his reply brief is granted and his reply brief is ordered filed
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal